IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:21-CR-74-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ARTHUR MAURICE HICKS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's pro se motion to correct judgment (DE 20), which the court construes as a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). The government did not respond to the motion.

## COURT'S DISCUSSION

On January 23, 2023, the court revoked defendant's supervised release and sentenced him to 24 months' imprisonment. The court ordered that 18 months' imprisonment shall run consecutively to a North Carolina sentence in State v. Hicks, No. 21CR053914, and six months shall run concurrently with the state sentence. Defendant's instant motion argues that the Federal Bureau of Prisons ("FBOP") is calculating the sentence such that the entire term of 24 months' imprisonment runs consecutively to the relevant state sentence.

The court has confirmed defendant's assertion by reviewing defendant's publicly available release date of July 27, 2024, and comparing it to the release date for the state offense: November 22, 2022. (See Mot. for Revocation (DE 8)). When good time credit is included, it is clear the FBOP is calculating the sentence such that the entire term of 24 months' imprisonment runs consecutively to the state sentence.

The reason the FBOP is running the entire federal sentence consecutively is that defendant completed service of the state sentence prior to his federal sentencing. (See id.); see also N.C. Offender Pub. Info., https://webapps.doc.state.nc.us/opi/offendersearch.do?method=view (enter defendant's inmate number, 0674716). A federal sentence cannot commence prior to the date it was imposed. See United States v. Evans, 159 F.3d 908, 911–12 (4th Cir. 1998); Barnes v. Masters, 733 F. App'x 93, 96 (4th Cir. 2018). Accordingly, although the court ordered six months of the federal sentence to run concurrently with the state sentence, neither the parties nor the court recognized that the FBOP could not implement the court's order.

The foregoing circumstances present extraordinary and compelling reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (noting "district courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise").[1] The court's intent was that defendant serve a total term of 18 months' imprisonment in federal custody, not 24 months as the FBOP's calculation would require. See id. at 285 (concluding defendant established extraordinary and compelling reasons for compassionate release when subsequent legal development rendered the sentence excessive). In addition, and for the reasons stated at the revocation hearing, the relevant factors under 18 U.S.C. § 3553(a) support reducing defendant's sentence to 18 months' imprisonment.

## CONCLUSION

Based on the foregoing, defendant's pro se motion to correct judgment (DE 20), construed as a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), is GRANTED.

---

[1] Notably, defendant is not challenging the validity of his sentence under § 3582(c)(1)(A). See United States v. Ferguson, 55 F.4th 262, 272 (4th Cir. 2022) (holding that "a compassionate release motion cannot be used to challenge the validity of a defendant's conviction or sentence"). Instead, he is requesting that the court reduce the sentence based on the FBOP's inability under law to implement the sentence as the court intended.

2

Defendant's sentence is reduced to 18 months' imprisonment, consecutive to the state sentence in 21CR053914. Except as expressly modified herein, all provisions of the January 23, 2023, revocation judgment (DE 19) remain in effect. The clerk shall provide a copy of this order to the government, and the government is DIRECTED to transmit the order to the relevant officials at the Federal Bureau of Prisons.

SO ORDERED, this the 11th day of August, 2023.

LOUISE W. FLANAGAN
United States District Judge

3